IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOROTHY MARRUJO,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

## NOTICE OF REMOVAL

Defendant, Safeco Insurance Company of America ("Safeco" or "Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2017-05965, to the United States District Court for the District of New Mexico, and states as follows:

### I.    INTRODUCTION

1. On August 17, 2017, Plaintiff, Dorothy Marrujo ("Plaintiff" or "Marrujo"), commenced this action by filing her Complaint for Personal Injuries, for Underinsured Motorist Benefits Under a Contract of Insurance and for Unfair Claims Practices and Insurance Bad Faith in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2017-05965 against Defendant. *See* Plaintiff's Complaint along with other documents served upon Defendant, attached hereto as Exhibit A.

2. According to the Complaint, on or about August 10, 2016, Plaintiff was walking in a parking lot in Bernalillo County when a vehicle operated by Michael Vargas struck her ("motor vehicle accident"). A claim was made against Mr. Vargas under the Liability portion of the policy and Plaintiff received proceeds from Mr. Vargas' insurance company. *See* Complaint.

3. Plaintiff claims that she sustained "serious bodily injury" as a result of the motor vehicle accident. She seeks "medical expenses, pain and suffering, loss of capacity and enjoyment, loss of household services loss wages (sic) and any other damages to which she proves she is entitled to along with pre-and post judgment interest". *Id.*, ¶¶ 8, 17.

4. In addition to the damages asserted in Paragraph 17 of the Complaint[1], Plaintiff seeks the following damages against Safeco: 1) damages not to exceed $75,000, costs and attorney's fees against Safeco, 2) actual and punitive damages against Safeco, 3) punitive damages against Safeco for its improper and willful conduct and 4) for such other relief. *See* Complaint, "Wherefore" paragraph, page 5.

5. Safeco issued an automobile policy of insurance to Plaintiff subject to the policy terms, provisions, exclusions and limitations set forth in the Policy. *See* Exhibit, attached to Complaint.

6. Plaintiff asserts three claims in this lawsuit: Count I – Negligence against Michael Vargas, Count II – Claim for Underinsured Motorist Benefit's against State Farm Insurance Company and Count III – violations of the Unfair Claims Practices Act and Insurance Bad Faith against Safeco Insurance Company of America. *Id*. at pages 2-5.

## II. DIVERSITY JURISDICTION

7. In her Complaint, Plaintiff asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and

---

[1] Plaintiff titled Count II as a UIM claim against State Farm Insurance Company – even though State Farm is not a party to the instant case – but paragraph 17 alleges Plaintiff's demand for UIM benefits against Safeco.

costs.  *See* 28 U.S.C. § 1332 (a).  Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint.  *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873 (10th Cir. 1995).  Calculations of the amount in controversy include both compensatory and punitive damages.  *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir.1994).

### A.     **Complete Diversity of Citizenship Exists.**

9.      As alleged in her Complaint, Plaintiff is a resident of Bernalillo County, New Mexico.  *See* Complaint ¶ 1.

10.     Safeco is a foreign insurer incorporated in Massachusetts.  *Id.*, ¶ 2, 28 U.S.C. § 1322(c)(1).  *Id.*, ¶ 2.

11.     For purposes of federal diversity jurisdiction, the parties are completely diverse.

### B.     **The Amount in Controversy Exceeds $75,000.**

12.     Although Defendant contests the claims asserted, Plaintiff seeks a monetary judgment against Defendant that, upon information and belief, exceeds $75,000.  Specifically, Plaintiff seeks: 1) damages not to exceed $75,000, costs and attorney's fees against Safeco, 2) actual and punitive damages against Safeco, 3) punitive damages against Safeco for its improper and willful conduct and 4) for such other relief.  *See* Complaint, "Wherefore" paragraph, page 5, *see also for example McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008) (a court may examine documentation beyond the complaint as a basis for determining the amount in controversy).  *See* Complaint.

13.     Plaintiff alleges that she sustained substantial physical injuries and seeks compensatory damages for her injuries.  In addition, Plaintiff also seeks actual and punitive

damages against Safeco for her extra-contractual claims. *See* Complaint. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir.1994).

14. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, this action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

### III.     VENUE

15. Venue is proper in the District of New Mexico because this District embraces the location where the state court action is pending.

### IV.     COMPLIANCE WITH THE RULES

16. All procedural requirements related to the removal of this action have been satisfied.

17. True and correct copies of "all process, pleadings, and orders served upon" Defendant in the state court action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a), D.N.M.LR-Civ. 81.1(a).

18. Defendant is timely in filing this Notice of Removal within thirty days after receipt, through service or otherwise, of a copy of the initial pleading setting forth claims for relief. *See* 28 U.S.C. § 1446(b), Exhibit A.

19. Defendant has filed a Notice of Filing of Notice of Removal in the pending state court action in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2017-05965, which is attached hereto as Exhibit B. *See* 28 U.S.C. § 1446(a).

20. A copy of this Notice of Removal will be promptly served upon counsel for Plaintiff as specified in the certificate of service. 28 U.S.C. § 1446(d). Pursuant to Fed.R.Civ.P. 81(c),

Defendant will present its defenses by pleading at the time prescribed therein and specifically reserves its right to assert all defenses.

WHEREFORE, Defendant, Safeco Insurance Company of America, respectfully requests that the action now pending in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2017-05965, be removed therefrom to this Court and that all further proceedings be had in this Court.

Respectfully Submitted,

**ALLEN LAW FIRM, LLC**

/s/ Meena H. Allen
MEENA H. ALLEN
*Attorney for Safeco Ins. Co. of America*
6121 Indian School Road, NE, Suite 230
Albuquerque, New Mexico 87110
(505) 298-9400

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Rachel Berenson
Berenson & Associates, P.C.
415 Sixth Street NW
Albuquerque, NM 87102
(505) 243-4400
rachel@nmjusticelaw.com


/s/ Meena H. Allen
Meena H. Allen