IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DOROTHY MARRUJO,**
    **Plaintiff,**

v.                        No.: 1:17-CV-000975-LF-KK

**SAFECO INSURANCE COMPANY OF AMERICA,**
    **Defendant.**

## PLAINTIFF MARRUJO'S BRIEF IN SUPPORT OF MOTION FOR REMAND

### I.    INTRODUCTION

On August 17, 2017, Plaintiff Dorothy Marrujo, filed a lawsuit against Defendant Safeco Insurance Company of America in New Mexico State District Court. Docket No. 1, Notice of Removal to Federal Court, ¶ 1. *See also* "Exhibit A," Complaint. Once served with the lawsuit, on August 30, 2017, Safeco Insurance Company of America retained an attorney and then removed the lawsuit to this Court. Docket No. 1, Notice of Removal to Federal Court. The sole grounds that Safeco Insurance Company of America has recited for removal is Diversity Jurisdiction.

Plaintiff Marrujo asked Safeco Insurance Company of America opposes this Motion for Remand. Thus, Plaintiff Marrujo was forced to file the present motion.

### II.    SAFECO INSURANCE COMPANY OF AMERICA BEARS THE BURDEN OF PROOF FOR JUSTIFYING REMOVAL AND THE TENTH CIRCUIT APPLIES A PRESUMPTION AGAINST REMOVAL

Safeco, as the party seeking to remove the case, bears the burden of proving that there is federal jurisdiction. *Martin v. Franklin Capital Corporation*, 251 F.3d 1284, 1290 (10th Cir.

1

2001). Doubts about the propriety of removal must resolved against the removing party. *Miedema v. Maytag Corporation,* 450 F.3d 1323, 1328-29 (11th Cir. 2006).

In the Tenth Circuit, federalism has been applied to accord removal jurisdiction a narrow construction. The Tenth Circuit recognizes a presumption against removal jurisdiction. *Laughlin v. Kmart Corporation,* 50 F.3d 871, 873 (10th Cir. 1995). *See also Trujillo v. Reynolds,* No. 07-CV-1077, 2008 U.S. Dist. LEXIS 42378 at *5 (D. N.M. Jan. 17, 2008) (noting "[t]here is a presumption against removal jurisdiction"). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal court's] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-95 (10th Cir. 2005). Thus, courts in the Tenth Circuit operate under a strict mandate to narrowly construe removal statutes and to resolve all doubts against removal. *Fajen v. Found Reserve Insurance Company,* 683 F.2d 331, 333 (10th Cir. 1982). *See also Trujillo,* 2008 U.S. Dist. LEXIS 42378 at *6 ("Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.").

### III. THERE IS NO DIVERSITY JURIDICITON PURSUANT TO PLAINTIFF'S COMPLAINT

Safeco's sole attempt to justify removal is to claim that Plaintiff Marrujo, in seeking in their view, a sum greater than $75,000.00, based on Diversity Jurisdiction, allows for removal. Docket No. 1, Notice of Removal to Federal Court, ¶ 3. Safeco is attempting to read additional meaning to the complaint in order to remove this case to Federal Court.

It is well established that "removal is reserved for those cases 'that originally could have been filed in federal court.'" *Hunt v. Lamb,* 427 F.3d 725, 726 (10th Cir. 2005), *quoting*

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). *See also Marcus v. AT&T Corporation*, 938 F.Supp. 1158, 1165 (S.D. N.Y. 1996) ("Removal is appropriate only when a complaint filed in state court properly could have been filed in federal court"). "'This jurisdictional prerequisite to removal is an absolute, non-waivable requirement." *Id. quoting Brown v. Francis*, 75 F.3d 869, 864 (3d Cir. 1996).

It is a "fundamental rule" that "one must look solely at the plaintiff's complaint rather than to any subsequent pleading or the petition for removal." *Mountain Fuel Supply Company v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978), *cert. denied*, 441 U.S. 952 (1979). "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 129 S. Ct. 1262, 1272 (2009), *quoting Louisville & Nashville Railroad Company v. Mottley*, 211 U.S. 149, 152 (1908).

It follows that "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). "[A] counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serves as the basis for arising under jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002). *See also Metro Ford Truck Sales, Inc. v. Ford Motor Company*, 145 F.3d 320, 326-27 (5th Cir. 1998), *cert. denied*, 525 U.S. 1068 (1999), *quoting* 14A Charles Alan Wright *et al.*, Federal Practice and Procedure § 3722 at 255-60 (1985) ("It is insufficient [for removal purposes] that a federal question has been raised as a matter of defense or as a counterclaim"); *Takeda v. Northwestern National Life Insurance Company*, 765 F.2d 815, 822 (9th Cir. 1985) ("removability cannot be created by defendant pleading a counter-claim presenting a federal question") (citations omitted);

*Blaser v. Bentley*, No. 2:09-CV-625, 2009 U.S. Dist. LEXIS 72316 at *1-2 (D. Utah Aug. 13, 2009) ("counterclaim cannot provide the basis for removal").

Moreover, "the rule is clear that only state court **defendants**, and not plaintiffs, may remove an action to federal court." *Stritch v. Board of County Commissioners of Lake County, Colorado*, No. 09-CV-1924, 2009 U.S. Dist. LEXIS 81694 at *2 (D. Colo. Aug. 25, 2009) (emphasis in original). *See also* 28 U.S.C. § 1441(a) (civil actions brought in state court that present federal questions "may be removed by the defendant or the defendants"); *id.* § 1446(a) (setting forth process by which "defendant or defendants" may remove); *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100 (1941); 14C Charles Alan Wright *et al.*, Federal Practice and Procedure § 3731 (3d ed. 1998) ("Section 1446(a) of Title 28 authorizes removal only by the state court defendants"); *Untracht v. Fikri*, 454 F.Supp.2d 289, 328 (W.D. Pa. 2006) ("Removal by the plaintiff is not permitted because the plaintiff had the original choice of forum").

Plaintiff has clearly asserted that her claims DO NOT exceed $75,000.00. See Complaint at page 5 where Plaintiff specifically states, "damages not to exceed $75,000.00, cost and attorney's fees against defendant Safeco company of America." The complaint goes on to explain what damages are being asserted however, Plaintiff does not state that she is seeking additional damages on top of the $ 75,000.00. Defendant is conveniently reading this into Plaintiff's complaint in order to attempt to gain federal diversity jurisdiction.

The Defendant argues that when a complaint does not contain dispositive allegation of the amount in controversy, the jurisdictional amount is determined by the allegation in the underlying complaint. See e.g. *Laughlin v. Kmart Corp.*, 50 P3d. 871, 873 (10th Cir. 1995). Plaintiff has asserted the amount in controversy. Therefore, there is no need to look at the underlying allegations. Plaintiff did not assert that she was seeking damages over the

4

$75,000.00, or an addition to the $75,000.00. The amount in controversy is clearly $75,000.00, or under.

### IV. PLAINTIFF DOROTHY MARRUJO REQUESTS A FEE AWARD

An order by which a court remands a removed lawsuit to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding [such] fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). Accordingly, "where the removing party lacked an objectively reasonable basis for seeking removal," fees can be awarded. *Id.*

Under facts similar to the facts of this lawsuit, this Court and other courts have found removal to be unreasonable and thus ordered the removing party to pay the attorney fees accrued by the non-removing party in responding to the wrongful removal. In *Dupwe v. Stern*, No. 08-CV-988, 2009 U.S. Dist. LEXIS 49696 (D. N.M. Feb. 27, 2009), this Court, per the Honorable James O. Browning, considered the propriety of removal based in part on the removing party's argument that state court counterclaims should allow for removal. Judge Browning noted that the removing party "misunderstands the nature of removal" because "[j]urisdiction in removal is not based on possible causes of action or counterclaims that a defendant might have against a plaintiff, but rather on the plaintiff's complaint." *Id.* at *21. Accordingly, Judge Browning found "that there was no objectively reasonable basis for removing this case to federal court." *Id.* at *15. Based on this finding, Judge Browning held that "it is appropriate to award attorney's fees." *Id.* at *16.

Other district courts within the Tenth Circuit have reached similar conclusions based on similar facts. In *Smith v. Wells Fargo Bank, N.A.*, No. 08-CV-1629, 2008 U.S. Dist. LEXIS

5

110270 at *2 (D. Colo. Aug. 1, 2008), the federal district court for the District of Colorado considered removal where the removing party did "not assert federal jurisdiction on any basis other than their counterclaims." Like here, the counterclaim that supposedly allowed for removal was an FDCPA counterclaim. *Id.* at *5. Although the *Smith* court did not consider the issue of whether an award of attorney fees was proper – in *Smith*, the removing party was *pro se* and the court summarily denied removal – the court nevertheless noted that removal based on an FDCPA counterclaim "borders on being malicious and abusive." *Id.*

In *Star Fuel Centers, Inc. v. Full Stop, Inc.*, No. 06-CV-2207, 2006 U.S. Dist. LEXIS 50343 at *2 (D. Kan. July 19, 2006), the federal district court for the District of Kansas considered a motion for remand where the primary legal issue was whether federal question jurisdiction can "be based solely on a counterclaim." The court held that the removal could not be sustained and found that the wrongful removal was "not objectively reasonable." *Id.* at *3. Because the non-removing party "was required to devote time and resources responding to a facially meritless motion," the court awarded attorney fees. *Id.* at *5. The same result should follow here.

## V.    CONCLUSION

Plaintiff Marrujo requests that the Court order this lawsuit remanded to state court. Plaintiff Marrujo further requests that the Court order Safeco to pay Plaintiff Marrujo's reasonable attorney fees accrued in connection with Safeco's wrongful removal. If the Court so orders, Plaintiff Marrujo will submit her requested fees to the Court in the form of an affidavit.

Respectfully Submitted,

*/s/ Rachel Berenson*
RACHEL BERENSON
BERENSON & ASSOCIATES, P.C.
415 Sixth Street NW
Albuquerque, NM 871402
(505) 243-4400
rachel@nmjusticelaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of October, 2017, I filed the foregoing Motion electronically through the e-filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Meena H. Allen,
Attorneys for Safeco Insurance Company
of America
6121 Indian School Road, NE, Suite 230
Albuquerque, New Mexico 87110
(505) 298-9400
Email: mallen@mallen-law.com

*/s/ Rachel Berenson*
Rachel Berenson,
Attorney at Law

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/17/2017 10:58:34 AM
James A. Noel
Latoya Grayes

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

DOROTHY MARRUJO,

      Plaintiff,

vs.                          Case No. D-202-CV-2017-05965

SAFECO INSURANCE COMPANY OF AMERICA,

      Defendant.

## COMPLAINT FOR PERSONAL INJURIES, FOR UNDER INSURED MOTORISTS BENEFITS UNDER A CONTRACT OF INSURANCE, AND FOR UNFAIR CLAIMS PRACTICES AND INSURANCE BAD FAITH

**COMES NOW**, Plaintiff Dorothy Marrujo, by and through her counsel of record, Rachel Berenson of Berenson & Associates P.C., and for her Complaint for Personal Injuries, for Uninsured Motorists Benefits under a Contract of Insurance, and for Unfair Claims Handling Practices and Insurance Bad Faith, states as follows:

1. Plaintiff is a permanent resident of Bernalillo County, New Mexico.

2. Upon information and belief, defendant Safeco Insurance Company of America is a foreign corporation licensed to conduct the business of insurance in New Mexico.

3. The acts complained-of herein occurred in Bernalillo County, New Mexico.

4. Jurisdiction and venue are proper within this Judicial District.

### GENERAL ALLEGATIONS

5. On or about August 10, 2016, plaintiff was a pedestrian walking in a parking lot on the 4800 block of McMahon Boulevard NW, in Bernalillo County, New Mexico, when she was struck by a vehicle.

7. A witness gave a verbal to the police officer and stated the driver of the vehicle and struck Dorothy Marrujo.

8. As a result of being struck Plaintiff has suffered serious bodily injury and sought medical treatment at Lovelace Westside Hospital.

9. On or about August 10, 2016, Plaintiff was covered by a policy of automobile insurance issued to her which provided Plaintiff with coverage for injuries and damages suffered through the acts or omissions of uninsured motorists. See Policy Number Y8270202, attached as Exhibit "A", hereto.

9. On or about August 10, 2016, said insurance policy was in full force and effect.

## Count I - Negligence against Michael Vargas

10. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 9, above, as though set forth fully herein.

11. Driver at fault, Michael Vargas owed a duty to Plaintiff, and to the public at large, to operate his motor vehicle in a safe, lawful manner and to use ordinary care in the operation of that vehicle.

12. Driver at fault, Michael Vargas breached the aforesaid duties in a number of ways including, but not limited to, failing to keep a proper lookout, failing to yield the right of way to pedestrians, and failing to provide his full attention to driving.

13. As a direct and proximate result of driver at fault, Michael Vargas breaches of these duties, Plaintiff has been injured and has suffered damages in an amount to be proven at trial.

## Count II - Claim for Underinsured Motorist Benefits against State Farm Insurance Company

14.  Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 13, above, as through set forth fully herein.

15.  At all times pertinent hereto, driver at fault Michael Vargas was an Underinsured motorist as defined by New Mexico law, and as contemplated by State Farm Insurance Company.

16.  As a result of the driver at fault, Michael Vargas's Underinsured states, and the insurance contract between Safeco Insurance Company of America and Dorothy Marrujo, Plaintiff is entitled to recover damages incurred as a result of the August 10, 2016, accident from Defendant Safeco Insurance Company of America under the Uninsured Motorist Coverage provisions of the aforementioned policies.

17.  Defendant Safeco Insurance Company of America should be directed to pay Plaintiff a sum sufficient to compensate her for her injures and damages she suffered as a result of the collision of August 10, 2016, including Medical Expenses, Pain and Suffering, Loss of Capacity and Enjoyment, Loss of Household Services Loss Wages and any other damages to which she proves she is entitled to along with pre-and post judgment interest.

## Count III - Violations of the Unfair Claims Practices Act and Insurance Bad Faith Against Safeco Insurance Company of America

18.  Plaintiff realleges and incorporates each and every allegation contained in paragraph 1 through 17, above, as though set forth fully herein.

19.  At all times material hereto, Plaintiff was a first-party insured under the above-mentioned Safeco Insurance Company of America policy and was, therefore, entitled to the benefits and protections of the Unfair Claims Practices Act, Section 59A-16-20 *et seq.*, NMSA.

20. Defendant Safeco Insurance Company of America has violated said statute in its dealings with Plaintiff and handling of her claim in a number of ways, including, but not limited to:

    a. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of an insured's claim where liability has become reasonably clear.

21. As a direct and proximate result of the improper claims handling procedures engages in by Defendant Safeco Insurance Company of America, Plaintiff has been forced to institute this litigation and has thereby incurred additional costs and attorney's fees, as well as other and additional damages as may be proven at trial of this matter.

22. Pursuant to Section 59A-16-30, NMSA, Plaintiff is entitled to recover said costs.

23. At all times pertinent hereto, Defendant Safeco Insurance Company of America had a duty to treat Plaintiff in good faith and to approach the resolution of her claim in such a manner.

24. Defendant Safeco Insurance Company of America has breached its duty of good faith by refusing reasonable attempts to resolve this matter, by requiring the institution of litigation in order to recover an equitable measure of damages for the injuries suffered, and by putting its own financial interest above those of its insured.

25. As a direct and proximate cause of the improper bad faith conduct of Defendant Safeco Insurance Company of America, Plaintiff has suffered additional injuries and damages in an amount to be proven at trial.

26. Defendant Safeco Insurance Company of America's conduct in this matter has been and remains intentionally engaged-in for purposes of avoiding its contractual obligations and coercing Plaintiff into taking a sum less than that which is reasonable for her injures.

27. Defendant Safeco Insurance Company of America's conduct justifies an award of punitive damages in an amount sufficient to punish said Defendant and to deter it from similar behavior in the future.

WHEREFORE, Plaintiff prays for a judgment against defendants as follows:

1. Damages not to exceed $75,000.00, costs, and attorney's fees against defendant Safeco Insurance Company of America incurred by virtue of Safeco Insurance Company of America's violations of Section 59A-16-20, NMSA;

2. Actual and punitive damages against Safeco Insurance Company of America caused by Safeco Insurance Company of America's bad faith in this matter;

3. Punitive damages against Safeco Insurance Company of America for its improper and willful conduct in this matter; and

4. For such other and further relief, as may be deemed proper.

Respectfully Submitted,

By: */s/Rachel Berenson*
RACHEL BERENSON
BERENSON & ASSOCIATES, PC
415 Sixth Street NW
Albuquerque, NM 87102
(505) 243-4400
rachel@nmjusticelaw.com